

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,993-01

### EX PARTE CHRISTOPHER CHAVEZ ALVARADO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-366-84445-2021-HC IN THE 366TH DISTRICT COURT
### FROM COLLIN COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of violation of bond/protective order two or more times within twelve months and sentenced to two years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his guilty plea was involuntary because counsel was ineffective and because the prosecutor coerced him into pleading guilty. The trial court recommends dismissing Applicant's application for non-compliance because he listed his TRN number as the cause number. We disagree.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*,

397 U.S. 742 (1970); *Hill v. Lockhart*, 474 U.S. 52 (1985). In these circumstances, additional facts are needed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court shall make specific findings as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make specific findings as to whether the prosecutor induced Applicant's guilty plea with improper threats. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 7, 2022
Do not publish